IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01449-PAB

CESAR DE JESUS MALDONADO OCHOA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center,
GEORGE VALDEZ, in his official capacity as Field Office Director of the Aurora Field Office of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement,
TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

      Respondents.

---

**ORDER**

---

    This matter comes before the Court on petitioner Cesar de Jesus Maldonado Ochoa's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1]. Respondents filed a response. Docket No. 7.

## I. BACKGROUND[1]

    Petitioner is a citizen of El Salvador. Docket No. 1 at 2, ¶ 1. Petitioner entered the United States without inspection on May 18, 2024. *Id.*, ¶ 3. Petitioner was released on his own recognizance and issued an Order of Supervision by Immigration and Customs Enforcement ("ICE"). *Id.* On December 16, 2024, petitioner filed an

---

[1] The following facts are undisputed unless otherwise noted.

Application for Asylum and Withholding of Removal, which remains pending. *Id.* at 17, ¶ 67. On or about February 28, 2026, petitioner was detained by ICE in Centennial, Colorado. *Id.* at 2, ¶ 1. Petitioner was issued a Notice to Appear and was placed in removal proceedings. *Id.*, ¶ 4. Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*, ¶ 2.

On April 6, 2026, petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See generally id.* Petitioner brings a claim for violation of 8 U.S.C. § 1226(a) (Count I); violation of Immigration and Nationality Act ("INA") bond regulations (Count II); and violation of the due process clause of the Fifth Amendment of the United States Constitution (Count III). *See id.* at 18-21. Petitioner requests, among other forms of relief, that respondents provide petitioner with a bond hearing. *See id.* at 21-22.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 10-17; Docket No. 7 at 1-3. Petitioner contends that "the mandatory detention provision of § 1225(b)(2) does not apply to Petitioner, who had been released on conditional parole after his initial detention when he entered the U.S., and has been in the U.S. for nearly two years before he was detained again." Docket No. 1 at 15, ¶ 57. Rather, petitioner contends that § 1226 applies and thus respondents must provide him with a bond hearing. *See id.* at 16-17, ¶ 61. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted. Docket No. 7 at 1-3. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See, e.g.*, *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 7.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana v. Noem,* No. 25-cv-03976-PAB, 2025 WL 3706417 (D. Colo. Dec. 22, 2025).  Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[2]  The Court will grant the habeas petition on the § 1226 claim and

---

[2] Because the Court will grant the habeas petition on the basis of Count I, it will not reach petitioner's remaining claims and requests for relief.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) ("The Court will thus grant the Petition with respect to Petitioner's first claim.  Since the Court's ruling on the INA claim will afford Petitioner the entirety of the relief he seeks, the Court need not address Petitioner's remaining arguments.").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  *See* Docket No. 1 at 23.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

will order respondents to provide petitioner with a bond hearing within seven days of the date of this order.[3]

### III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Cesar de Jesus Maldonado Ochoa's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[4] It is further

---

[3] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy. *See Loa Caballero*, 2025 WL 2977650, at \*9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court"). Petitioner requests that the Court order the immigration judge to "duly consider Petitioner's ability to pay when setting the conditions of bond and release" and that the Court order respondents to return petitioner's identification documents. Docket No. 1 at 21-22. Petitioner does not cite a basis for this relief, and the Court will not impose these restrictions on the bond hearing and petitioner's release, if he is granted bond, at this stage.

[4] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at \*8 (D. Colo. Jan. 14, 2026 (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at \*4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED April 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge