IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01449-PAB

CESAR DE JESUS MALDONADO OCHOA,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center,
GEORGE VALDEZ, in his official capacity as Field Office Director of the Aurora Field Office of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement,
DAVID VENTURELLA,[1] in his official capacity as Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Attorney General of the United States.

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Cesar de Jesus Maldonado Ochoa's Motion to Enforce and Order Immediate Release [Docket No. 12]. Respondents filed a response.  Docket No. 15.  Petitioner filed a reply.  Docket No. 20.

## I.  BACKGROUND[2]

Petitioner is a citizen of El Salvador.  Docket No. 1 at 2, ¶ 1.  Petitioner entered the United States without inspection on May 18, 2024.  *Id.*, ¶ 3.  Petitioner was released on his own recognizance and issued an Order of Supervision by Immigration and

---

[1] David Venturella is substituted as a party for Todd M. Lyons pursuant to Fed. R. Civ. P. 25(d).

[2] The following facts are undisputed unless otherwise noted.

Customs Enforcement ("ICE").  *Id.*  On December 16, 2024, petitioner filed an Application for Asylum and Withholding of Removal, which remains pending.  *Id.* at 17, ¶ 67.  On or about February 28, 2026, petitioner was detained by ICE in Centennial, Colorado.  *Id.* at 2, ¶ 1.  Petitioner was issued a Notice to Appear and was placed in removal proceedings.  *Id.*, ¶ 4.  Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.*, ¶ 2.

On April 6, 2026, petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  *See generally id.*  On April 17, 2026, the Court granted the petition, ordering respondents to provide petitioner a bond hearing "where the government shall bear the burden of proving that petitioner's continued detention is justified."  Docket No. 8 at 4.  On April 29, 2024, the parties filed a status report indicating that a bond hearing was held on April 24, 2026 and an immigration judge denied petitioner release on bond.  Docket No. 9 at 2.  On May 5, 2026, petitioner filed a motion to enforce the Court's April 17 Order that requests his immediate release from custody.  Docket No. 12 at 14.

## II.    ANALYSIS

Petitioner argues that the immigration judge improperly placed the burden on petitioner in violation of the Court's April 17 Order, despite the immigration judge's order stating that the burden of proof was on the government.  *See* Docket No. 12 at 8.  Petitioner contends that the burden was effectively shifted because the government "failed to present sufficient evidence to meet its burden."[3]  *See id.*  Specifically, the government relied on a Form I-213 that alleged petitioner had 15 violations while part of

---

[3] In his motion, petitioner argues that the government failed to carry its burden at the bond hearing by "clear and convincing" evidence.  *See, e.g.*, Docket No. 12 at 6-7.  The Court did not impose this burden of proof in its April 17 Order.  *See generally* Docket No. 8.

the Alternatives to Detention ("ATD") program.  *See id.* at 7.  Petitioner argues that the Form I-213 was not sufficient evidence because "the violations may have been due to the government's error or glitches in their systems" and that the government did not call witnesses, the Form I-213's author was not in court, and the government did not "describe the 15 alleged violations of ATD conditions."  *See id.*

Respondents argue that the immigration judge complied with the Court's order by finding that the government had the burden of proof and met that burden based on the evidence before the immigration judge.  *See* Docket No. 15 at 3-5.  Respondents contend that the immigration judge relied on petitioner's lack of familial or community ties, recent illegal re-entry, and his ATD violations.  *See id.* at 5.  Respondents argue that, "[t]o the extent Petitioner asks the Court to substantively review the bond hearing evidence and argues that the immigration judge should have reached a different conclusion on the record presented, the Court lacks jurisdiction to do so."  *Id.* at 6.  Respondents argue that petitioner is required to exhaust his administrative remedies before the Board of Immigration Appeals ("BIA").  *See id.* at 9-10.

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).  The Court ordered respondents to provide petitioner a bond hearing "where the government shall bear the burden of proving that petitioner's continued detention is

justified."  Docket No. 8 at 4..  Where a petitioner argues that the immigration judge applied an improper legal standard in violation of a court order, rather than setting aside the custody determination of the immigration judge, the Court is "assessing whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives."  *See Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026) ("The Court undisputedly has the authority to enforce its own orders."); *Cervantes Arredondo v. Baltazar*, Case No. 25-cv-03040-RBJ, Docket No. 26 at 4-6 (D. Colo. Dec. 18, 2025) (finding that 8 U.S.C. § 1226(e) was not a bar to the court's jurisdiction because the court retains jurisdiction to ensure compliance with its order that "granted habeas relief, ordered that [petitioner] be provided a bond hearing, and specified procedural requirements necessary to satisfy due process under the circumstances"); *Lara Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *1-2 (D. Colo. May 15, 2026) (same); *Jovel v. Noem*, 2026 WL 1430041, at *1 (D.N.M. May 21, 2026) ("§ 1226(e) does not strip federal courts of jurisdiction to consider constitutional challenges to the procedures adopted by the Attorney General for all detention decisions under § 1226(a). . . .   This framework also reflects a district court's authority to ensure compliance with its own habeas orders.") (internal quotations and alterations omitted) (quoting *Miranda v. Garland*, 34 F.4th 338, 353 (4th Cir. 2022)).

Petitioner is not required to exhaust his administrative remedies by appealing the immigration judge's decision to the BIA.  "In the immigration context, exhaustion of remedies is statutorily required only for appeals of final orders of removal."  *Quiroz Zacarias*, 2026 WL 1092162, at *3 (internal quotation and citation omitted); *Lara Mejia*, 2026 WL 1361514, at *4 (exercising the court's discretion to find that petitioner was not required to exhaust his administrative remedies before the BIA where petitioner

4

challenged the sufficiency of his bond hearing).  Accordingly, the Court finds that it has jurisdiction to consider petitioner's motion.

The Court turns to whether the immigration judge properly placed the burden on the government at the bond hearing in compliance with the Court's April 17 Order. The immigration judge's written order reads as follows:

> The court had jurisdiction to hear this matter due to a habeas order, with the burden shifted to DHS.  DHS met its burden to show that respondent has insufficient ties to the community and high likelihood of being a flight risk due to recent illegal entry and 15 violations while on Alternative to Detention. Respondent has no family ties to the United States.

Docket No. 12-1 at 6.  Petitioner's argument that the Form I-213 was insufficient evidence of flight risk because it did not describe the nature of the violations and such violations could have been "due to DHS error, untimely submission, [or] battery issues" invites the Court to reweigh the evidence presented at the bond hearing and reach a decision contrary to the immigration judge.  *See* Docket No. 12 at 7.  Petitioner fails to show that the immigration judge misapplied the burden of proof.  Similarly, in arguing that the immigration judge should have considered petitioner's testimony about the nature of the alleged ATD violations, the fact that he "has been overwhelmingly compliant with the ATD requirements and check-ins," and petitioner's letters of support, petitioner asks that the Court reweigh evidence.  *Id*. at 8.  This the Court will not do. Thus, petitioner fails to show that respondents did not comply with the Court's April 17 Order.  The Court will deny petitioner's motion to enforce.  *See Jovel,* 2026 WL 1430041, at *2 (denying petitioner's motion to enforce where "[t]he record demonstrates that the IJ applied the burden-shifting framework required by this Court's prior order"); *Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting

framework. . . . This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

## III.    CONCLUSION

Therefore, it is

**ORDERED** that Cesar de Jesus Maldonado Ochoa's Motion to Enforce and Order Immediate Release [Docket No. 12] is **DENIED**. It is further

**ORDERED** that this case is closed.

DATED June 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge